## 12604. SOCKWELL v. THE STATE.

A license to carry a pistol is no defense to one charged with carrying a pistol to a place of public worship (Penal Code of 1910, § 348).

DECIDED NOVEMBER 16, 1921.

Indictment for misdemeanor; from Newton superior court — Judge Hutcheson. June 11, 1921.

*King & Johnson,* for plaintiff in error.

*A. M. Brand, solicitor-general,* contra.

BLOODWORTH, J. The indictment in this case charged that the defendant " did carry about his person a certain pistol to and while at Salem Camp Ground, a place of public worship, while the people were then and there assembled for the purpose of engaging in religious services." The allegations in the indictment were supported by the uncontradicted evidence of several witnesses, and the defendant himself admitted that he had the pistol at the time and place alleged. However, he insisted that he violated no law, because he had a license which authorized him to carry the pistol. This contention is not sound. Prior to the passage of the act of 1910 (Ga. L. 1910, p. 134, Park's Penal Code, § 348 (a) et seq.) a person violated no law who carried a pistol openly and fully exposed to view and did not carry it to any of the places to which carrying it was prohibited by law. The effect of the act of 1910 was to make it unlawful for any person to have or carry about his person a pistol, whether it is concealed or not, unless a license has been procured as provided for by that act. Under the express provisions of that act it does not " alter, affect, or amend any laws . . of force in this State relative to the carrying concealed weapons on or about one's person." Hence, the issuance of a license to a person to carry a pistol would not avail him as a defense should he be prosecuted for carrying the pistol concealed or carrying it to a place of public worship. This being true, the judge did not err in withholding from the jury " a pistol toter's license " issued to the defendant, nor in charging the jury that " the fact that a man may have a license for the carrying of a pistol does not permit him, under the license, to carry it to the place described in this bill of indictment."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*